

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/20/2016

| | | |
|---|---|---|
| IN RE: | § | |
| **RICHARD K. HARRIS** | § | **CASE NO: 13-36395** |
| Debtor(s) | § | |
| | § | **CHAPTER 7** |

### MEMORANDUM OPINION

The Chapter 7 Trustee timely objected to Richard K. Harris's amended claim of a homestead exemption for the property located at 14022 Dry Creek Ranch Road in Cypress, Texas. The matter was fully briefed by the parties. At oral argument on October 19, 2016, the central issue was crystalized. Harris mistakenly believes that a fraudulent conveyance recovered post-petition is restored as estate property as of the date on which it was transferred. Because a fraudulent conveyance is not void—but merely voidable—the recovery of the property by the Chapter 7 Trustee was a post-petition recovery. Accordingly, Harris may not exempt the property.

### Background

Harris was married to Darlene Riley. Riley owned the Dry Creek property before she married Harris. On December 12, 2011, Riley transferred the Dry Creek property from Riley, the sole owner, to Riley and Harris as joint owners by general warranty deed.

In 2013, Riley and Harris divorced. The divorce entailed a property settlement that transferred 100% of the Dry Creek property to Riley. Shortly after the property transfer, Harris filed this chapter 13 bankruptcy petition. As of the petition date, Harris continued to live at the Dry Creek property, although he and Riley have stated that Harris lived in a garage apartment rather than in the main portion of the home. The Trustee alleged that the divorce was a sham and that the property transfer was done in actual fraud of creditors.

The Trustee sued Riley to recover the Dry Creek property as a fraudulent conveyance. At the conclusion of a jury trial,[1] the jury returned a verdict finding that the transfer was fraudulent. Before entry of judgment, Riley and the Trustee settled the District Court lawsuit. Pursuant to the settlement, Riley transferred 100% of the Dry Creek property to the Chapter 7 Trustee for the benefit of the Estate. The transfer by Riley to the Trustee occurred in 2016, nearly three years after Harris filed bankruptcy.

### Exemption Claims

Harris did not claim to own the Dry Creek property on the petition date. His initial claim for exemptions was filed on October 15, 2013. He did not claim that any of the Dry Creek property was his homestead. Harris amended his claimed exemptions on July 21, 2014, long after the Trustee alleged that the divorce was a sham and that the associated property transfer was fraudulent. The amended claim of exemptions states "See SOFA #14 – Debtor lives in a fully furnished apartment." It is unclear whether this statement is intended to allege a homestead interest in his leasehold rights. Harris's exemption claims were again amended on July 28, 2016. He now claims the Dry Creek property as exempt. He no longer claims an exempt leasehold interest.

A debtor is allowed to exempt certain types of property from property of the estate. 11 U.S.C. § 522(b). Under § 522(b), a debtor in Texas may utilize either state or federal exemptions. Harris utilized state exemptions under § 522(b)(3). Property that may be exempted under § 522(b)(3) is property that could be exempted under state law. A Debtor may only exempt property that was exempt on the petition date. *In re Frost*, 744 F.3d 384 (5th Cir. 2014).

---

[1] The trial was held before the United States District Court for the Southern District of Texas.

As the Fifth Circuit explained:

> The "snapshot rule" of bankruptcy law holds that all exemptions are determined at the time the bankruptcy petition is filed, and that they do not change due to subsequent events. *In re Zibman*, 268 F.3d 298, 301 (5th Cir. 2001); *see Owen v. Owen*, 500 U.S. 305, 314 n. 6, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991); *White v. Stump*, 266 U.S. 310, 311–13, 45 S.Ct. 103, 69 L.Ed. 301 (1924) ("The [homestead] exemption arises when the declaration is filed, and not before . . . . [T]he point of time which is to separate the old situation from the new in the bankrupt's affairs is the date when the petition is filed . . . . [T]he law discloses a purpose 'to fix the line of cleavage' with special regard to the conditions existing when the petition is filed[.]").

*In re Frost*, 744 F.3d 384, 386 (5th Cir. 2014)

Of course, *Frost* holds that the homestead exemption is encumbered by State law obligations to maintain the exemption by an appropriate reinvestment of the proceeds. *Id*. This holding does not diminish the fundamental principle that the property must have been exempt as of the petition date.

**Meaning of Avoidance**

At oral argument, it became apparent that Harris believed the avoidance of the transfer by Riley to Harris was a determination that the transfer was void ab initio. Accordingly, if the transfer was "avoided," Harris believed that he could claim an exempt interest in the Dry Creek property because he would have owned it (knowingly or not) "immediately before the commencement of the case." *See* 11 U.S.C. § 522(b)(3)(B).

Initially, Harris's argument is flawed because the transfer was not avoided. The jury verdict was not reduced to judgment. Prior to avoidance, the dispute was settled by Riley. Pursuant to the settlement, she transferred the Dry Creek property to the Trustee. Accordingly, with that chain of title, Harris did not own any interest in the Dry Creek property "immediately before the commencement of the case."

Even if the Court were to ignore the settlement, the avoidance of a fraudulent transfer does not make the initial fraudulent transfer void ab initio. Rather, the transfer is avoided only when and if the property is recovered. Section 550 of the Bankruptcy Code describes the remedies available in a fraudulent conveyance suit. In such a suit, the trustee may recover either "the property transferred" or the "value of such property." 11 U.S.C. § 550. Indeed, § 550 even protects subsequent transferees. 11 U.S.C. § 550(b)(2). Obviously, if the initial transfer was void (rather than voidable), no subsequent transferee could be protected because the subsequent transferee would not have obtained title to the property.

This concept is firmly embedded in the case law. Judge Brozman has provided a cogent explanation:

> [W]e need to take a moment to remember some fundamentals about fraudulent transfer law. Fraudulent transfer laws are intended to promote payment to creditors; that is, the statutes are remedial, rather than punitive. See J. Queenan, P. Hendel and I. Hillinger, Chapter 11 Theory and Practice*Queenan*, § 27.14 at 27:38. This intent is evident under the DCL from the sections dealing with remedies, which are expressly limited to recoveries by creditors. See New York's Debtor and Creditor Law §§ 278 and 279. A fraudulent transfer is not void, but voidable; thus, it can be ratified by a creditor who is then estopped from seeking its avoidance. 1 G. Glenn, Fraudulent Conveyances and Preferences, §§ 111 at 221 and 113 at 223 (1940) (hereinafter, "Glenn"). Because the fraudulent transfer is voidable by creditors only, it is not remarkable that, as between the parties to the transfer, the law regards the transfer as real and binding. "It was said in Coke's time, and it has been true ever since, that a gift made in fraud of the donor's creditors is good against the donor and his privies." 1 GLENN, § 114 at 225 (footnote omitted) (citing, among other decisions, *Jackson v. Garnsey*, 16 Johns. 189 (N.Y.1819)).

*In re Best Prod. Co., Inc.*, 168 B.R. 35, 57 (Bankr. S.D.N.Y. 1994).

The Second Circuit, citing *Best,* sets forth the principle of law: "A fraudulent transfer is not void, but voidable; thus, it can be ratified by a creditor who is then estopped from seeking its avoidance." *In re Adelphia Recovery Trust*, 634 F.3d 678, 691 (2d Cir. 2011).

Texas law is in accord. When an individual transfers property in fraud of a spouse, the transfer is valid as to the transferring spouse (in this case, Harris). It is voidable only for the benefit of defrauded creditors:

> The grantor of property conveyed in fraud of creditors parts with his title when he executes the deed, and retains no interest in the property at his death. *Markward v. Murrah*, 138 Tex. 34, 156 S.W.2d 971, 974 (1941). "**The proposition is well settled in this state that, as between the parties to the transfer, a conveyance made in fraud of creditors passes title to the vendee, and is defeasible only at the instance of the creditors . . . .**" *John Hancock Mut. Life Ins. Co. v. Morse*, 132 Tex. 534, 124 S.W.2d 330, 332 (1939).

*In re Estate of LaValle*, 218 S.W.3d 834, 836–37 (Tex. App. 2007, pet. denied) (emphasis added).

## Conclusion

When Riley transferred the Dry Creek property to the Trustee, the transfer was effective when conveyed by Riley. The transfer did not restore title as of the petition date. Because the Estate owned a right of recovery—and not the real property itself—on the petition date, Harris may not exempt the Dry Creek property.

A separate order will be issued.

SIGNED **October 20, 2016.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE